■ MILES HOME DIVISION OF INSILCO CORPORATION, Appellant, v RICHARD L. GREEN, Respondent, et al., Defendants.— Main, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered July 8, 1987 in Broome County, which, upon granting plaintiff's motion for renewal, adhered to its prior decision denying plaintiff's motion for summary judgment.

Defendants Richard L. Green and Barbara A. Green purchased building materials for a house from plaintiff pursuant to a retail installment contract dated May 27, 1982. According to the terms of this contract, the Greens were to make 22 monthly payments with a balloon payment of about $28,384 due on August 2, 1984. Pursuant to the terms of a shelter finance plan also dated May 27, 1982 and executed by these parties, plaintiff ensured that long-term financing would be provided and agreed to work with the Greens to secure such financing, provided that certain specified conditions were met. Among the conditions, the Greens were required to have made all payments under the retail installment contract and any land contract or mortgage. Apparently, plaintiff's marketing technique was to sell materials for a house on quite favorable terms and then, after the house was completed, to provide assistance in securing long-term financing, from which the balloon payment would be satisfied.

Evidently needing a place upon which to build the house for which they had just bought the materials, the Greens entered into an installment land contract dated July 29, 1982 for a parcel of land located in the Town of Maine, Broome County. This contract required full payment of the $6,000 purchase price by February 1, 1985. The Greens thereafter mortgaged their interest in this contract to plaintiff to secure their indebtedness under the retail installment contract and agreed

thereby to pay all real estate taxes on the property and to permit plaintiff to cure any default and accelerate any amount due upon default. Later, the installment land contract vendor assigned the installment land contract and title to the property to plaintiff with a provision that said transfer would not work a merger with plaintiff's interest under the mortgage from the Greens.

Plaintiff thereafter commenced this action seeking foreclosure of the mortgage and the installment land contract on the ground that the Greens failed to pay real estate taxes and to make required payments under the installment land contract. Other than certain junior lienors, who have appeared but are not actively participating in the proceedings, only defendant Richard L. Green answered.* Plaintiff moved and defendant cross-moved for summary judgment; Supreme Court denied the motions. Plaintiff filed a notice of appeal and also moved for renewal, which Supreme Court granted. Upon renewal, however, Supreme Court again denied plaintiff's motion, citing issues of fact about the parties' responsibilities under the various agreements. Plaintiff now appeals from the order denying its motion.

Our review of the documents and the parties' submissions convinces us that reversal is warranted. Inasmuch as defendant has not denied that he failed to make payments for taxes as required under the mortgage and other payments required under the installment land contract, there can be no doubt that defendant is in default under the terms of these documents. The shelter finance plan offers no haven to defendant, as its assurances are applicable only if defendant performed the six conditions outlined. By failing to make the payments specified above, defendant failed to comply with those requirements and, accordingly, plaintiff is entitled to relief.

In reaching this result, we do agree with Supreme Court's conclusions that the Greens' interest under the installment land contract could be mortgaged and foreclosed upon, and that the mortgage was not extinguished through any merger when plaintiff acquired title to the property being conveyed under the installment land contract, especially in view of the parties' expressed intention not to effect any merger. Likewise, defendant's bald assertions without documentary proof

---

* The Greens have now divorced and defendant Barbara A. Green apparently has not answered and is in default. Defendant Richard L. Green is the only defendant participating in this appeal and hereinafter all references to defendant are to him.

that he had conveyed his interest to his former wife cannot defeat a motion for summary judgment.

Order reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.