In re Janet Spinosa MASTOWSKI, d/b/a Swiss Chalet Motel, Debtor.

Bankruptcy No. 91–21928.

United States Bankruptcy Court, W.D. New York.

Jan. 2, 1992.

Peter H. Baker, Hammondsport, N.Y., for debtor.

Lacy, Katzen, Ryen & Mittleman by Anne E. Miller, Rochester, N.Y., for James Randall.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Debtor seeks to avoid judicial liens pursuant to 11 U.S.C. § 522(f) on a land contract. Debtor claims a homestead exemption on her interest in a land contract which consists of two separate buildings with four living units. Debtor resides on the property.

James Randall has obtained two judgements in County and Justice Courts on June 18, 1991 for $2,313.11 and June 19, 1991 for $4,522.00 respectively. The unchallenged appraisal offered by the debtor is in the amount of $66,000. The balance due on the contract is $59,568.00. Subtracting the balance due and closing costs, the debtor has equity in the property of $971.00.

The issue is whether a land contract vendee may claim a homestead exemption under New York law. The New York courts have not considered this issue. CPLR § 5206 provides:

Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumberances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgement ... 1. a lot of land with a dwelling thereon.

N.Y.Civ.Prac.L. & R. 5206 (Consol. Supp.1990).

The debtor's land contract does include a lot with a dwelling in which the debtor resides. It should not matter what vehicle of transfer occurred, whether a land contract or mortgaged sale. Under installment land contracts, the buyer is given immediate possession and enjoyment of the land for which he pays the seller in installments. Such contracts are, in substance, mortgages and are treated accordingly. *Rawcliffe v. Aguayo*, 108 Misc.2d 1027, 1129, 438 N.Y.S.2d 697 (1981), *see Miles Home Division of Insilco Corp. v. Green*, 134 A.D.2d 817, 818, 522 N.Y.S.2d 262 (1987).

Since there is no question that mortgaged real property may be subject to a homestead exemption, real property purchased under a land contract must also be subject to the exemption. The debtor lives on the land and is entitled to a $10,000 homestead exemption under CPLR § 5206. Since debtor has equity of $971.00 then she may avoid judicial liens under § 522(f) to the extent it impairs her equity, and since the $971 would be eaten up in any sale of the property, the liens of James Randall are discharged and it is so ordered.